1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | NANCY KAPLAN, | ) | |
|---|---|---|---|
| 12 | | ) Plaintiff, | ) CASE NO. CV 10-00675-R |
| 13 | vs. | ) | |
| 14 | DR. REDDY'S LABORATORIES, | ) | **FINDINGS OF FACT AND** |
| 15 | INC., et al., | ) | **CONCLUSIONS OF LAW** |
| 16 | | ) Defendants. | ) |
| 17 | | ) | |

### I.     PLAINTIFF'S FIRST CLAIM FOR RETALIATION

In order to establish a claim for retaliation under the California Fair Employment and Housing Act, California Government Code section 12940, *et seq.* ("FEHA"), a plaintiff must show that: (1) she engaged in a "protected activity;" (2) her employer subjected her to an adverse employment action; (3) a causal link existed between the protected activity and the employer's action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005).

Plaintiff's November 18, 2008 email did not constitute protected activity. Plaintiff merely complained that she was treated unfairly and harshly, but made no allegation that her treatment was due to any protected activity. Pursuant to *Yanowitz*, such vague grievances are not sufficient to establish protected activity. *Id.* at 1046–47. Additionally, complaints made by Plaintiff after Scott Meyers ("Meyers") terminated her on November 19, 2008, do not form a basis for her

retaliation claim. There can be no causal link between Plaintiff's termination and complaints made after she was told that she had been terminated. Consequently, there is no triable issue of material fact as to whether Defendants' conduct constituted retaliation.

## II. PLAINTIFF'S SECOND CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Plaintiff alleged that she was terminated "in retaliation for complaining about discrimination and harassment, [and] for requesting time off to take care of her own illness." First Amended Complaint ("FAC"), ¶ 28. She asserted that this violated the public policies embodied in: (1) FEHA; (2) the California Family Rights Act ("CFRA"), California Government section 12945.2, *et seq.*; (3) California Labor Code sections 233 and 234; (4) California Business & Professions Code section 17200; and (5) "Defendants' own policies about providing employees with time off for illness." FAC ¶ 28.

### A. FEHA

To the extent that Plaintiff's public policy claim is based on the same theory as her FEHA retaliation claim, it fails for all of the reasons set forth in Section I above.

### B. CFRA

Claims for wrongful termination in violation of public policy do not grant employees rights beyond those provided by the statute upon which the claim is based. *See, e.g., Jennings v. Marralle*, 8 Cal.4th 121 (1994) (public policy claim for age discrimination not cognizable against employers of fewer than five employees who were specifically exempted from the FEHA). Thus, in order to establish a public policy claim based on CFRA, Plaintiff would have to prove a violation of CFRA.

The elements of a cause of action for retaliation in violation of CFRA are: (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of her right to CFRA leave." *Dudley v. Dept. of Transportation*, 90 Cal.App.4th 255, 261, 108 Cal.Rptr.2d 739, 744 (2001). By its terms, CFRA rights are only

available to employees who have worked for an employer for 12 months prior to the employee's request for leave. Cal. Gov't Code § 12945.2(a).

As an initial matter, Plaintiff's opposition to Defendants' motion for summary judgment did not address CFRA. Additionally, Plaintiff only worked for Defendants for four months. She was, therefore, not eligible to take CFRA leave.

### C. California Labor Code Sections 233 and 234

Plaintiff's opposition to Defendants' motion for summary judgment also did not address Labor Code sections 233 and 234. Additionally, these sections pertain to time employees take off to care for others. Plaintiff only alleged that she was terminated for requesting time off for her own illness. FAC ¶ 28.

### D. California Business & Professions Code Section 17200

Plaintiff's opposition to Defendants' motion for summary judgment also did not address Business & Professions Code section 17200. This theory is based on the same arguments discussed above, namely that Plaintiff was terminated for complaining about harassment and discrimination and for requesting time off for her own illness. FAC ¶ 28. For all of the reasons discussed in Sections I and II (B) above, this derivative claim also fails.

### E. Defendants' Policies

Plaintiff's opposition to Defendants' motion for summary judgment also did not address her argument that Defendants violated their own policies. Additionally, Plaintiff may not base her public policy claim on Defendants' alleged violation of their own policies because these policies are not constitutional or statutory provisions. "A discharge is actionable as against public policy only if it violates a policy that is: '(1) delineated in either constitutional or statutory provisions ....'" *Carter v. Escondido Union High School Dist.*, 148 Cal.App.4th 922, 929, 56 Cal.Rptr.3d 262, 266 (2007) (citations omitted).

## III. PLAINTIFF'S THIRD CLAIM FOR BREACH OF CONTRACT

Plaintiff alleged that she was terminated in breach of a contract expressed in Defendants' "personnel policies and practices" that she would not be terminated in retaliation for "making complaints" or for "taking time off for health reasons." FAC ¶ 33. However, Plaintiff did not

dispute that she was employed pursuant an express at-will employee and she produced no evidence to suggest that the parties had any intention to contract outside of the terms of their express agreement.

### IV. PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF THE CALIFORNIA LABOR CODE

Plaintiff alleged that Defendants violated the Labor Code by not paying her for two weeks that she worked following her termination. However, the only work that Plaintiff performed after her termination consisted of preparing and submitting expense reports and returning some marketing materials to Defendants. These constitute typical post-termination activities for which former employees are customarily not paid. *Rutti v. Lojack Corp., Inc.* 596 F.3d 1046, 1056 (9th Cir. 2010).

### V. PLAINTIFF'S FIFTH CLAIM FOR FAILURE TO PREVENT DISCRIMINATION OR HARASSMENT

A necessary element of a claim for failure to prevent discrimination or harassment is that the plaintiff have actually suffered harassment or discrimination. "[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen …." *Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 284, 73 Cal.Rptr.2d 596, 598 (1998). Plaintiff did not plead claims for discrimination or harassment, nor did she adduce any evidence to support such claims.

### VI. CONCLUSION

For all of the foregoing reasons, Plaintiff did not raise a triable issue of fact as to any of her claims.

IT IS ORDERED that Judgment shall be entered in favor of Defendants pursuant to the Findings of Fact and Conclusions of Law.

Dated: September 30, 2010.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4